UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK E. ROUNDTREE,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD,<br><br>Respondent. | Case No. 15-cv-02718-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 14, 15, 17 |

Jack Roundtree, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations and all of the claims are procedurally defaulted. Roundtree has filed an opposition and a motion to stay and respondent filed a reply. Roundtree then filed a second opposition. The motion to dismiss is granted.

## I.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction

or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may also start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by United State Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

### A. Timeliness

Roundtree was found guilty of first degree murder in 1980. MTD at 2. His direct appeal ended in 1983. *Id*. Petitioner filed a state habeas petition in 1989 and then several more in 2013 and 2014. *Id*. at 2-3. This federal petition was filed on June 17, 2015. Docket No. 1.

Direct review ended in 1983 before AEDPA was enacted. The statute of limitations commenced on the effective date of AEDPA, April 24, 1996, and expired one year later on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Roundtree will not receive tolling for the habeas petition filed prior to the commencement of the statute of limitations. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). Nor will he receive statutory tolling for the state habeas petitions filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, the petition is untimely.

Roundtree does not contest that the petition is untimely. He argues that the Court should review the merits because of a change in state law. However, federal habeas relief does not apply

to errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that mere errors in the application of state law are not cognizable on federal habeas corpus). Because this petition was filed more than 18 years late it is dismissed as untimely.

**B.      Actual Innocence**

In his second opposition, filed after respondent filed a reply, Roundtree argues that the Court should review the merits of the claims because of the actual innocence exception. Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of (a) successive claims which raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ; (c) procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims; or (d) claims filed in federal court after the AEDPA one-year statute of limitations has run. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). If a state prisoner cannot meet the cause and prejudice standard, however, a federal court may hear the merits of successive, abusive, procedurally defaulted or untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin*, 133 S. Ct. at 1931-32 (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims). The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011). In order to pass through the *Schlup* gateway, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314–15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the

3

trial was free of nonharmless constitutional error." *Id*. at 316.  A petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327.  This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

The nature of Roundtree's actual innocence claim is difficult to discern.  He first argues that a state court judge denied his motion for an evidentiary hearing in the 1980s when Roundtree was seeking post-conviction relief.  He contends that the state courts did not recognize his argument of ineffective assistance of counsel.  Roundtree also argues that there was evidence that the jury could have found that he was merely an aider and abettor in the crime and the jury was not properly instructed that an intent to kill was a necessary element to be proved.  These arguments fail to meet the high threshold for an actual innocence claim.  That Roundtree may have been an aider and abettor or the jury had not been properly instructed fail to demonstrate that he is factually innocent of the crimes for which he was convicted.

Roundtree also argues that he was convicted on materially false evidence in the form of an expert opinion that was subsequently repudiated by later research or technology.  The underlying facts of the case involved Roundtree and other defendants breaking into the victim's house and robbing her; Roundtree and another assailant raping her; and the victim's husband being murdered.  MTD, Ex. C.  Two of the assailants testified for the prosecution concerning Roundtree's participation and actions; there was physical evidence of semen connecting Roundtree to the scene; the victim partially identified him; and the victim identified a knife and handkerchief that Roundtree was carrying during the assault and at his arrest the next day.

Roundtree argues that the expert testimony stating that the semen found at the scene could have come from him was materially false due to differing opinions from other experts.  He has not shown that the evidence was false, only that the experts differed in their opinions.  Many of these arguments were presented at his trial.  Roundtree does not present evidence that the semen definitively belonged to someone else or did not belong to him.  He argues that the test results

were inconclusive.[1] Even assuming the evidence was false or erroneous, Roundtree has not made a credible showing of actual innocence. His accomplices placed him at the scene, and the victim identified items he was carrying and partially identified him as the perpetrator. Much of Roundtree's arguments do not contend that he is actually innocent but rather that he was merely an accomplice.

In *McQuiggin*, the Supreme Court found that, while a petitioner asserting actual innocence need not prove diligence, the untimely assertion of an actual innocence claim bears on its credibility. *Id*. at 1935-36. Here, Roundtree's conviction was affirmed on appeal in the early 1980s and his state habeas petition was denied in 1989. He filed another round of state habeas petitions in 2013. His state habeas petitions in 1989 and 2013 raised claims similar to those in this federal petition. Docket No. 3 at 5-10; Docket No. 3-22 at 2-3. Roundtree was also aware of these claims immediately after trial in 1980. Docket No. 3-10 at 3-12. He has failed to address why he waited more than 35 years to raise these claims in federal court. A review of his arguments demonstrate that he has failed to present strong evidence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, at 314-15 (omission in original). The motion to dismiss is granted.[2]

## II. CONCLUSION

1. Respondent's motion for an extension (Docket No. 14) is **GRANTED** and the motion to dismiss is deemed timely filed.

2. Respondent's motion to dismiss (Docket No. 15) is **GRANTED** and this case is **DISMISSED**.

3. Petitioner's motion to stay (Docket No. 17) is **DENIED** because this case is dismissed as untimely and petitioner offers no reasons why a stay should be granted.

4. A certificate of appealability ("COA") will not issue because this is not a case in which

---

[1] Roundtree states that the prosecution presented evidence at trial that semen taken from the victim and a towel at the crime scene both originated from a person who was an ABO type B nonsecretor, which was consistent with Roundtree. Docket No. 2 at 22. Roundtree argues that there was an inconsistency as to whether he was responsible for the semen. Docket No. 2 at 16-17. He also argues there was a conflict of interest among some of the expert witnesses. Docket No. 2 at 20-21.
[2] Because the petition is untimely, the Court will not address the procedural default argument.

1  "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a
2  constitutional right and that jurists of reason would find it debatable whether the district court was
3  correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court
4  declines to issue a COA regarding the procedural holding or the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated: March 17, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK E. ROUNDTREE,

    Plaintiff,

v.

JEFFREY BEARD,

    Defendant.

Case No.  15-cv-02718-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jack E. Roundtree ID: C-15456
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

Dated: March 17, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

7